PER CURIAM.
This matter is before the Court on Respondent’s Amended Petition to Resign Without Leave to Apply for Readmission pursuant to Article XI, Rule 11.08 of the Integration Rule of The Florida Bar.
The Petition states:
1.This Amended Petition is filed pursuant to Rule 11.08(2)(4)(6), Integration Rule of The Florida Bar. A Petition for Leave to Resign was initially filed April 20, 1982, in which readmission after the expiration of three (3) years was a condition thereof that was rejected by The Florida Bar in its Response of May 20, 1982, and denied by the Supreme Court of Florida, June 22, 1982.
2. Petitioner, as previously alleged, is a duly licensed member of The Florida Bar, having been admitted to practice in 1969, but has not been actively engaged in the practice since 1971. Disciplinary proceedings pending before the Honorable L. Arthur Lawrence, Jr., Circuit Judge of the Third Judicial Circuit of Florida, as Referee pursuant to the order of the Supreme Court of Florida entered May 7, 1981, have been stayed pursuant to his Order of April 23,1982, following a final hearing on March 11, 1982, and his findings on March 23,1982, that the Petitioner had violated Rule 1-102(A)(3) and 1-102(A)(4), Code of Professional Responsibility.
3. This controversy grew out of conduct of the Petitioner following his entry into a written contract for the purchase of real property in Dade County, Florida, for a price of $175,000.00, of which amount $125,000.00 was to be evidenced by a note and mortgage. A delayed closing of the transaction resulted in the sellers executing a deed that was purportedly placed in escrow with an associate of the Petitioner but thereafter used by the Petitioner to negotiate an institutional first mortgage with Atlantic Federal Savings and Loan Association, in the amount of $125,000.00. He represented himself as owner of the property, free of any encumbrances. Subsequently, the transaction was closed, with the sellers receiving a purchase money note and mortgage in the amount of $125,000.00, with the balance of the purchase price paid in cash from the proceeds of the mortgage from Atlantic Federal. The sellers denied consent or knowledge as to the existing institutional first mortgage.
*1057 Foreclosure proceedings were initiated by the sellers and Atlantic Federal in 1977, and thereafter, the litigation was settled. In compliance with the stipulation of settlement of January 5,1978, the Petitioner paid to the sellers, Atlantic Federal, and their attorneys $75,000.00, together with $11,014.00 of income received from the property during the pendency of the litigation. Title to the property was conveyed to the sellers. Releases were executed by all parties except Atlantic Federal, who retained the note signed by the Petitioner.
The attorney for Atlantic Federal filed a complaint with The Florida Bar Grievance Committee of the Eleventh Judicial Circuit on March 29, 1978.
4. The Florida Bar in its Response filed May 20, 1982, as aforesaid, stated:
“The Florida Bar would not oppose an amended Petition for Leave to Resign which states that it is without leave to apply for readmission permanently and agrees to pay all costs of these proceedings.”
The Florida Bar having now filed its response supporting the Petition for Leave to Resign on the conditions set forth above, and the Court having reviewed the same and determined that the requirements of Rule 11.08(3) are fully satisfied, the Amended Petition for Leave to Resign is hereby approved and Charles F. Thompson, IPs name is hereby stricken from the roll of attorneys in the State of Florida effective this date.
Costs in the amount of $2,686.45 are hereby taxed against Respondent.
It is so ordered.
ALDERMAN, C. J., and BOYD, OYER-TON, McDonald and EHRLICH, JJ., concur.